AO 245D     (Rev. 09/11) Judgment in a Criminal Case for Revocations
              Sheet 1

# UNITED STATES DISTRICT COURT
## Eastern District of Arkansas

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL - 2 2012

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

| UNITED STATES OF AMERICA | **Judgment in a Criminal Case** |
|---|---|
| v. | (For **Revocation** of Probation or Supervised Release) |
| KENNETH EDGAR HARMON | |

Case No.  4:11-cr-235-DPM
USM No.  39479-083

Kim Driggers
_____
Defendant's Attorney

**THE DEFENDANT:**

☑ admitted guilt to violation of condition(s)  7 & Special Conditions 3 & 6  of the term of supervision.

☐ was found in violation of condition(s) _____ after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Failure to report for drug testing | 02/14/2012 |
| 2 | Use of an unprescribed controlled substance | 05/31/2012 |
| 3 | Failure to pay restitution owed | 06/14/2012 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.:  0048

Defendant's Year of Birth:  1982

City and State of Defendant's Residence:
Little Rock, Arkansas

06/26/2012
_____
Date of Imposition of Judgment

_/s/ W.P. Marshall Jr._
Signature of Judge

D.P. Marshall Jr.                    U.S. District Judge
Name and Title of Judge

2 July 2012
Date

AO 245D    (Rev. 09/11) Judgment in a Criminal Case for Revocations
          Sheet 2— Imprisonment

Judgment — Page   2   of   4  

DEFENDANT: KENNETH EDGAR HARMON
CASE NUMBER: 4:11-cr-235-DPM

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total total term of :

45 DAYS. Harmon will also serve a substituted term of SIX MONTHS in community confinement as a condition of supervised release.

☑ The court makes the following recommendations to the Bureau of Prisons:

The Court recommends that Harmon serve his term of community confinement at the City of Faith halfway house in Little Rock, Arkansas.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____.

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____.

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
     DEPUTY UNITED STATES MARSHAL

Judgment—Page __3__ of __4__

DEFENDANT: KENNETH EDGAR HARMON
CASE NUMBER: 4:11-cr-235-DPM

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :

48 MONTHS. The first SIX MONTHS of that term will substitute for six months of imprisonment as described on page 2.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- ☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if
- ☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment—Page 4 of 4

DEFENDANT:  KENNETH EDGAR HARMON
CASE NUMBER:  4:11-cr-235-DPM

## SPECIAL CONDITIONS OF SUPERVISION

14) All current conditions of supervised release will carry over to Harmon's new term of supervised release.

15) Harmon must spend the first SIX MONTHS of his supervised release term in community confinement. The Court recommends confinement at the City of Faith halfway house in Little Rock, Arkansas. During this confinement Harmon must participate in substance-abuse treatment.

16) Harmon must spend the 30 DAYS immediately following his community confinement in residential drug treatment.

17) Harmon must participate in chemical-free living for the FIVE MONTHS immediately following his residential drug treatment.

18) Harmon must continue to participate in substance-abuse treatment under the guidance and supervision of the Probation Office for the entire term of supervised release.

19) Harmon remains jointly and severally obligated to pay restitution pursuant to a judgment in case number 3:05-cr-276-01 in the Eastern District of Virginia. He must make installment payments as set out in that judgment on any remaining balance beginning 60 days after he completes residential drug treatment.